UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY S. WOLFORD, <br><br> Plaintiff, <br><br> v. <br><br> CARRIE ANN WOLFORD; and WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND, <br><br> Defendants. | C17-1673 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on a motion to dismiss brought by defendant Western Conference of Teamsters Pension Trust Fund (the "Trust"), docket no. 9, as revised, docket no. 15. By Minute Order entered November 28, 2017, docket no. 13, the Court noted that Gary E. Randall, who was identified as plaintiff's counsel of record, is not authorized to practice law in the State of Washington or before this Court, and the Court set a deadline of December 29, 2017, for plaintiff to arrange for an attorney who is admitted to the Bar of this District to file a Notice of Appearance. The Minute Order also renoted the Trust's motion to dismiss and indicated that any response to the motion must be filed by January 29, 2018. Minute Order at ¶ 2 (docket no. 13). A copy of the Minute Order was mailed to plaintiff at the same address (10212 - 319th Ave. N.E.

ORDER - 1

in Carnation) at which the Trust's lawyers later successfully served plaintiff personally with a copy of the pending motion to dismiss. *See* Decl. of Serv. (docket no. 14). The Court is satisfied that plaintiff was aware of the prior Minute Order, as well as the deadlines for securing substitute counsel and responding to the Trust's motion to dismiss, but no attorney has appeared on his behalf and no response has been filed. The Court treats plaintiff as proceeding pro se and, having reviewed the papers filed in support of the Trust's motion, the Court enters the following order.

**Background**

While still married to defendant Carrie Ann Wolford, plaintiff Gary S. Wolford became a participant in the Western Conference of Teamsters Pension Plan (the "Plan"). When the couple divorced, a Separation and Property Settlement Agreement ("Separation Agreement"), which had been executed in November 1997, was incorporated in the King County Superior Court's Findings of Fact and Conclusions of Law and was referenced in the Decree of Dissolution. *See* Exs. A, B, & D to Compl. (docket no. 1-1). A Qualified Domestic Relations Order ("QDRO") was also entered. *See* Ex. C to Comp. (docket no. 1-1). The Separation Agreement provided that Carrie Ann Wolford would receive half of the pension held by the Plan that accrued from the date of the marriage to the date of separation. Ex. D to Compl. The QDRO indicated that Carrie Ann Wolford was entitled to fifty percent (50%) of the following fraction:

$$\frac{\text{Mr. Wolford's hours of benefit service from the date of marriage (July 28, 1979)}}{\text{Mr. Wolford's hours of benefit service as of the date Carrie Ann Wolford}}$$
$$\text{through the date of separation (October 1, 1997)}$$
$$\text{starts receiving her portion of the retirement benefits}$$

*See* Ex. C to Compl.

ORDER - 2

On October 1, 2013, benefits to Carrie Ann Wolford commenced. <u>See</u> Ex. F to Compl. (docket no. 1-1). Carrie Ann Wolford was allowed to elect between (i) a monthly amount ($749.15) for the remainder of her life, or (ii) the actuarially equivalent amounts of $998.65 until age 65, and $698.62 after age 65. <u>See id.</u> She chose the latter option. <u>Id.</u> Mr. Wolford retired in May 2016. Compl. at ¶ 2(s) (docket no. 1-1). In his verified complaint, Mr. Wolford alleges that the Trust incorrectly calculated the portion of his retirement benefits that should be paid to Carrie Ann Wolford, thereby depriving him of the full annuity to which he is entitled. He asserts claims of negligent calculation and preparation of contract for the division of retirement benefits, unjust enrichment, and money due and owing, and seeks nunc pro tunc revision of the QDRO. The Trust moves to dismiss on the grounds of preemption and failure to exhaust.

**Discussion**

A complaint challenged by a Rule 12(b)(6) motion to dismiss must offer "more than labels and conclusions" and must contain more than a "formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Moreover, the complaint must indicate more than mere speculation of a right to relief. <u>Id.</u> When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." <u>Id.</u> at 558. In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. <u>Twombly</u>, 550

U.S. at 570. If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

To the extent that plaintiff's state law claims are even cognizable, they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). The crux of plaintiff's complaint is that his retirement benefits were or are being decreased by the amounts paid or being paid to his ex-wife. Such claim should have been brought under ERISA § 502(a)(1)(B), which provides that a civil action may be initiated by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *see also Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005).

In addition, before commencing any litigation pursuant to ERISA, plaintiff was required to exhaust his administrative remedies, *see Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478 (9th Cir. 1995); *Amato v. Bernard*, 618 F.2d 559 (9th Cir. 1980), and his failure to do so constitutes another basis for dismissing this case. The preemption and exhaustion doctrines also bar plaintiff's claims against Carrie Ann Wolford, which merely seek to recover from her the benefits that plaintiff alleges were due him under the terms of the Plan. *See VanderKam v. VanderKam*, 776 F.3d 883 (D.D.C. 2015); *Callahan v. Callahan*, 247 F. Supp. 2d 935 (S.D. Ohio 2002). The deficiencies of plaintiff's current pleading cannot be cured absent plaintiff's pursuit of administrative remedies, and the Court therefore denies leave to amend. In light of the

ORDER - 4

suspended status of the attorney who assisted plaintiff in filing this matter, the Court declines to award any attorney's fees to the Trust or to allow the Trust to tax costs.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Trust's motion to dismiss, docket no. 9, as amended, docket no. 15, is GRANTED, and plaintiff's claims as to both the Trust and Carrie Ann Wolford are DISMISSED without prejudice to pursuing any administrative proceedings and subsequent judicial review, if appropriate, under ERISA.

(2) The Clerk is directed to modify the docket to reflect plaintiff's pro se status, to enter judgment consistent with this Order, and to send a copy of this Order and the judgment to all counsel of record and to all pro se parties.

IT IS SO ORDERED.

Dated this 15th day of March, 2018.

Thomas S. Zilly
United States District Judge